IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIELLE L. KOLODZIEK, Plaintiff, | ) | |
| v. | ) | Civil Action No. 26-533 |
| COMMISSIONER OF SOCIAL SECURITY, Defendant, | ) | |

MEMORANDUM OPINION

## I. INTRODUCTION

Pending before the court is an appeal from the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying the claims of Danielle L. Kolodziek ("Kolodziek") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 405(g), and for supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C § 1383(c)(3). Kolodziek contends the case should be remanded because the administrative law judge ("ALJ") erred by 1) finding that she can frequently handle, finger, and feel without substantial evidence, and that her work restrictions were based on the ALJ's lay analysis; 2) not articulating his findings regarding her headache events; and 3) ignoring that she was within six months of the next higher age category as of the date of adjudication. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and the Commissioner's decision should be affirmed.

Kolodziek filed a motion for summary judgment (ECF No. 3) which was denied as moot because the Federal Rules of Civil Procedure Supplemental Rules for Social Security do not

contemplate that kind of motion.[1] Kolodziek filed a memorandum in support of her motion for summary judgment (ECF No. 3-1), which is the appropriate means to seek relief. Fed. R. Civ. P. SUPP. SS 6. The Commissioner filed a brief in opposition to Kolodziek's motion for summary judgment asserting that the ALJ's decision should be affirmed. (ECF No. 6). Kolodziek filed a reply brief. (ECF No. 7).

## II. PROCEDURAL HISTORY

Kolodziek filed applications for DIB and SSI in September 2023, which were denied at the initial level and on reconsideration in 2024. (ECF No. 2-2 at 17).

In the applications, Kolodziek alleged disability beginning May 8, 2023. Kolodziek took time off from work to go to doctors' appointments. *Id.* at 47. Her attorney stated that Kolodziek "was let go from work as a result of ongoing absences, calling out, problems with arrival, and ultimately not being able to perform her job duties." *Id.* at 44. The claim was initially denied on April 4, 2024, and again upon reconsideration on July 8, 2024. *Id.* On July 25, 2024, Kolodziek requested a hearing. *Id.* On March 18, 2025, the ALJ commenced a telephonic hearing. Kolodziek was represented by an attorney at the hearing. *Id.* An impartial vocational expert ("VE") also testified at the hearing. *Id.*

1. The committee notes accompanying the Federal Rules of Civil Procedure Supplemental Rules for Social Security explain: "Rule 5 states the procedure for presenting for decision on the merits a § 405(g) review action that is governed by the Supplemental Rules. Like an appeal, the briefs present the action for decision on the merits. **This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record**. Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record." FED. R. CIV. P. SUPP. SS 6 (emphasis added).

In a decision dated May 16, 2025, the ALJ determined that Kolodziek was not disabled within the meaning of the SSA under §§ 216(i) and 223(d) and was able to make a successful adjustment to other work that exists in significant numbers in the national economy. *Id.* Kolodziek timely requested a review of that determination, and the Appeals Council denied the request for review (ECF No. 2-2 at 1).[2] The decision of the ALJ became the final decision of the Commissioner. *Id.* at 1. Kolodziek subsequently commenced the present action seeking judicial review.

## III. PLAINTIFF'S BACKGROUND AND MEDICAL EVIDENCE

### A. Background

Kolodziek was born on September 27, 1975, and was 47 years old, a "younger individual," at the time of her disability onset date. *Id.* at 44. Kolodziek was 49 years, seven months, and nineteen days old at the time of the ALJ's decision; that is, she was within four months of turning 50 years old. *Id.* She has a high school education and some college education. *Id.* at 44. Kolodziek lives with her husband and son. *Id.* at 46.

Kolodziek previously worked as a housekeeper for rental properties. *Id.* at 47. The ALJ determined Kolodziek had "not engaged in substantial gainful activity" since her alleged onset date, May 8, 2023. *Id.* at 46. During the hearing the ALJ heard testimony from Kolodziek regarding her limitations, predominantly focusing on her difficulty walking, difficulty with hand grip due to tremors, difficulty lifting objects, general pain, and headaches (occurring three to four times per month). *Id.* at 49-55. Kolodziek discussed feeling defeated. *Id.* at 57.

2. In the denial letter, the Appeals Council, using conclusory language, stated: "We considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." (ECF No. 2-2 at 2).

Kolodziek is licensed to drive, but only does so for short distances. *Id.* at 254. Kolodziek's reported medication list, as of December 3, 2024, is Primidone, Tylenol, DULoxetine, Verapamil HCI, and Etodolac. *Id.* at 1690.

### B. Medical Record

#### 1. Treating/Examining Physicians

The record does not contain any opinion from a treating physician that indicates Kolodziek is disabled or that she has limitations greater than those determined by the ALJ. *See* ECF No. 2-2, at 29. The medical opinions generally include limitations that are less than the limitations included in the RFC.

#### 2. Consultative Medical Examiner Alexandra Smith-Demain, M.D.

The assessment of Dr. Alexandra Smith-Demain was found by the ALJ to be not persuasive because the limitations recommended were less than the limitations the ALJ found to be appropriate when analyzing the record as a whole. *Id.* at 27. In March 2024, the doctor's assessment was that Kolodziek could lift and carry 50 pounds occasionally and 20 pounds frequently; she is able to sit for six hours, stand for four hours, and walk for four hours in an eight-hour workday. (Exhibit 6F). The ALJ determined this assessment was not persuasive because the assessment overstated her capabilities and was "not consistent with objective medical evidence . . . [and] not consistent with the medical observations." (ECF No. 2-2 at 28). The ALJ found that the exertional findings showed bilateral hand tremors, a Dupuytren's contracture of the right thumb, tenderness of the plantar fascia with palpable nodule along the medial cord, and cysts on the plantar surface of the right foot which did not align with Dr. Smith-Demain's assessment. *Id.*

### 3. State Agency Medical Consultants

Kolodziek was examined by two state agency psychiatric consultants, John David Chiampi, Ph.D., and Amy Camodeca, Ph.D. The ALJ found their findings were generally persuasive. In March and June 2024, both consultants found that Kolodziek could "carry out routine tasks in a regular schedule; has adequate social skills; anxiety and depression reduce[] social interactions; and can adjust to routine changes in work setting." (Exhibits 1A, 3A, 5A, 6A). Their assessments, while not including the entire record available at the hearing level, were found by the ALJ to be "consistent with the medical observations, which showed a normal mood and affect and appropriate behavior." (ECF No. 2-2 at 28).

Kolodziek's medical record file was reviewed by state agency medical consultant Paul Fox, M.D., for independent disability determination analysis and RFC to work. *Id.* at 26. In July 2024, Dr. Fox determined that Kolodziek could perform light work with some limitations. (Exhibits 5A, 6A). He determined that Kolodziek could "stand and/or walk for two hours of an eight-hour workday, occasionally can climb ramps and stairs, occasionally balance, stoop, kneel, crouch, and crawl, but must avoid concentrated exposure to cold and humidity." *Id.* The ALJ found this assessment to be partially persuasive because the exertional and postural findings are consistent with the objective medical evidence and medical observations. (ECF No. 2-2 at 27).

## IV. LEGAL STANDARD OF REVIEW

Judicial review of the Commissioner's final decision denying a claimant's application for benefits is provided by federal law. 42 U.S.C. § 405(g). The judicial review of a final decision is plenary with respect to questions of law. *Schaudeck v. Comm'r Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual findings, this court must determine whether there is

substantial evidence which supports the findings of the Commissioner. "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla." *Burns v. Burhart*, 312 F.3d 113, 118 (3d Cir. 2002) (quoting *Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 117 (3d Cir.1995)). This standard does not permit the court to substitute its own conclusion for that of the fact-finder. *Id.*; *Fargnoli v. Massonari*, 247 F.3d 34, 38 (3d Cir. 2001) (reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry). The Third Circuit Court of Appeals has held that an administrative law judge has a legitimate basis to discredit a medical opinion when there are inconsistencies and contradictory evidence in the record. *See Hubert v. Comm'r of Soc. Sec.*, 746 F. App'x. 151, 153 (3d Cir. 2018).

## V. DISCUSSION

### A. Administrative Law Judge's Findings

Disability is defined under Title II of the SSA as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Similarly, a person is unable to engage in substantial gainful activity when his physical or mental impairment or impairments are of such severity that he is not only unable to do "his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 1382c(a)(3)(B).

Proceeding through the sequential evaluation process, the ALJ determined at step one that Kolodziek had not engaged in substantial activity since her claimed disability date on May 8, 2023, (ECF No. 2-2, at 19); at step two acknowledged Kolodziek had severe impairments of recurrent major depressive disorder, adjustment disorder with depressed mood, fibromyalgia, Dupuytren's contractures, tremors, plantar fasciitis, and obesity. *Id.* at 20.

At step three the ALJ found that Kolodziek's combination of impairments did not meet the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* "Fibromyalgia is not an impairment included in the listings." *Id.* The ALJ considered the effects, both alone and in combination, with the other impairments and found that it does not have effects to meet the criteria of any listing. *Id.* The ALJ found that the severity of the Kolodziek's mental impairments, considered alone and in combination of the other impairments, also do not meet or equal the criteria of the listings. In making this finding, the ALJ considered whether the "paragraph B" criteria were satisfied. To satisfy "paragraph B" criteria, mental impairments must result in a single extreme limitation, or result in two marked limitations. *Id.* at 21. An extreme limitation is one that causes the inability to function independently, appropriately, or effectively on a sustained basis. *Id.* A marked limitation is one that causes a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis. *Id.*

When considering these criteria, the ALJ found that Kolodziek only had mild limitations in understanding, remembering, or applying information. *Id.* at 22. In Kolodziek's hearing testimony, she claimed she could perform preparation of simple meals with help, shop for short

durations, and take care of her son. *Id.* The ALJ found that Kolodziek also had only a mild limitation when interacting with others. *Id.* During her hearing testimony, Kolodziek stated that she can interact with her family and live with others. *Id.* Medical records establish that Kolodziek was able to interact appropriately with medical staff. *Id.* Kolodziek was found to have a moderate limitation when concentrating or maintaining pace. *Id.* Although Kolodziek alleged that she has difficulty completing tasks, she testified that she is able to prepare simple meals with help, watch television, and take care of her son. *Id.* Based on relevant medical records, Kolodziek has shown intact attention and concentration. *Id.* Kolodziek was found to have a moderate limitation when adapting or managing oneself. Kolodziek stated that she has difficulty managing her mood; yet, she is able to "handle self-care and personal hygiene with modification." *Id.* These findings were consistent with the "paragraph B" criteria findings of the State Agency psychiatric consultants. *Id.* Since the mental impairments of Kolodziek did not cause either one extreme limitation, or two marked limitations, the criteria of "paragraph B" are not satisfied.

The ALJ also considered the criteria of "paragraph C." "Paragraph C" provides criteria to evaluate persistent and serious mental disorders. To satisfy "paragraph C" criteria, Kolodziek must show her mental disorder is "serious and persistent." 20 C.F.R. Subpt. P, app. 1, § 12.00(c). Serious and persistent is shown by "medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2." *Id.* The criterion of C1 is satisfied when the evidence shows that the claimant relies "on an ongoing basis of medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish symptoms and signs of [her] mental disorder." 20 C.F.R. Subpt.

P, app. 1, § 12.00(G)(2)(b). To satisfy the criterion of C2, the evidence must show "that, despite your diminished symptoms and signs, [the claimant] ha[s] only achieved marginal adjustment." 20 C.F.R. Subpt. P. app. 1, § 12.00(G)(2)(c). Marginal adjustment is defined as fragile adaptation to the requirements of daily life, meaning the claimant has "minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life." *Id.* The ALJ found that the evidence failed to establish a sufficient presence of "paragraph C" criteria. (ECF No. 2-2, at 22). The ALJ determined that there was no "medically documented history over a period of at least two years of a depressive bipolar and related spectrum or other psychotic disorder as well as an anxiety and obsessive-compulsive disorder." *Id.* Therefore, the record failed to establish that "paragraph C" criteria were satisfied.

Prior to commencing step four, the ALJ determined Kolodziek's RFC. The ALJ considered Kolodziek's entire medical record, to include the medical opinions and state administrative medical reviewers' reports discussed above, and determined Kolodziek's RFC as follows:

> [T]he claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). More specifically, the claimant is capable of: lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for eight hours, standing and or walking for a total of two hours over the course of an eight-hour workday; push and/or pull as much as can lift and/or carry. The claimant is capable of reaching frequently; handling frequently; perform fine fingering frequently; and feeling frequently. The claimant can climb occasionally; balance occasionally; stoop occasionally; kneel occasionally; crouch occasionally; and crawl occasionally. The claimant can never work at unprotected heights; and never work in close proximity (i.e., within arm's reach of) dangerous moving mechanical parts. The claimant can work in: humidity and wetness occasionally; and extreme cold occasionally. The claimant cannot work in vibration. The claimant is able to perform simple, routine tasks; and is able to perform simple work-related decisions. The claimant is limited to jobs that require no more than occasional interactions with the general public. The claimant is able to tolerate few

> changes in a routine work setting defined as a stable work environment where workplace and work process remain generally the same 2/3 of the time.

(ECF No. 2-2, at 23) (emphasis added).

At step four, "[t]he claimant bears the burden of demonstrating an inability to return to her past relevant work." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citing *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994)).

> In the first four steps [of the sequential analysis] the burden is on the claimant to show that she (1) is not currently engaged in gainful employment because she (2) is suffering from a severe impairment (3) that is listed in an appendix (or is equivalent to such a listed condition) or (4) that leaves her lacking the RFC to return to her previous employment (Reg. §§ 920(a) to (e)).

*Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005).

The ALJ determined that Kolodziek is unable to perform her past work as a housekeeper because that specific occupation, as described by the VE, is categorized as heavy work in the Dictionary of Occupational Titles. *Id.* at 60.

At the fifth step in the sequential analysis, the burden shifts to the Commissioner to show that there are significant jobs in the national economy that an individual could perform given their individualized RFC. At this step, the ALJ called upon the VE to analyze the number of jobs available to Kolodziek given her limitations. *Id.* at 59. The VE was concerned about the standing limitation and requested the ALJ clarify that limitation. *Id.* at 62. The following colloquy took place:

> VE: Judge, I need a clarification. You said that they could – the Claimant could only stand for two hours. Does that – how much walking in an eight-hour day can they –
> ALJ: The standing – it would be standing and walking for a total of two hours over the course of an eight-hour workday.
> VE: Okay. Yeah, there would be no light work with that – with that limitation.

*Id.*

Given that clarification, the VE explained the only work available was sedentary work. *Id.*[3] The VE noted the number of opportunities and how these jobs are performed, and that the requirements for performance were consistent with the limitations described within the RFC, as clarified, for Kolodziek. *Id.* at 60. The VE stated:

> Given these [limitations], the individual would be able to perform the requirements of representative unskilled (SVP 1 or 2) occupations at the sedentary exertional level such as a document preparer (DOT 249.587-018), of which there are approximately 12,000 jobs in existence nationally; an addresser (DOT 209.587-010), of which there are approximately 2,000 jobs in existence nationally; and a bench assembly worker (DOT 739.687-182), of which there are approximately 1,000 jobs nationally.

*Id.* at 30; *see id.* at 62.

In making his determination that Kolodziek is not disabled, the ALJ relied on the medical evidence in the record and concluded "the objective findings in this case fail to provide a strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than those reflected in the [RFC]." *Id.* at 24. After considering all the evidence and alleged symptoms, the ALJ found that:

> Kolodziek's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Kolodziek's] statements concerning the intensity, persistence and limiting effects of these symptoms are not generally consistent with the medical evidence and other evidence in the record.

---

3. "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185, at *3. In other words, that clarification precluded light work, which is described as follows: "Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing . . . the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at * 5-6.

*Id.* at 26. Kolodziek's treatment for her physical impairments has been routine and conservative in nature. *Id.* The treatment she received has been largely centered on managing medication with some occupational and physical therapy. *Id.* The ALJ found that the objective medical evidence fails to support the alleged severity of Kolodziek's limitations. *Id.* He determined that, although the "physical impairments cause symptoms and limitations, the record does not establish that the impairments would preclude light work with reduced standing and walking and manipulative activities." *Id.*

**B. Alleged Error – The ALJ's finding in the RFC that Kolodziek can frequently handle, finger, and feel cannot enjoy substantial evidence because it is inconsistent with the evidence and based upon the ALJ's own lay analysis**

**1. General Principles**

An administrative law judge uses "all of the relevant medical and other evidence" to develop the RFC. 20 C.F.R. § 404.1545(a)(3). "In general, [the plaintiff] is responsible for providing the evidence [the ALJ] will use to make a finding about [the plaintiff's] residual functional capacity." *Id.* "The ALJ – not treating or examining physicians or state agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2011).

**2. Substantial Evidence**

Kolodziek argues that the ALJ's decision was not supported by substantial evidence. She asserts that her symptoms, as described in her testimony, constitute evidence that the ALJ failed to consider. While Kolodziek contends that she has very significant symptoms that would prevent her from performing all the sedentary jobs noted by the VE, the record of medical

evidence provides substantial evidence to support the ALJ's decision with respect to this issue. It is clear that "[a]n ALJ must explain the weight given to physician opinions and the degree to which a claimant's testimony is credited." *Id.* at 362. Here, the ALJ did consider the testimony of Kolodziek and explained why he found her testimony about the extent of her disabling conditions to not be credible. The ALJ, as discussed above, found "the objective findings in this case fail to provide strong support for [Kolodziek's] allegations of disabling symptoms and limitations." (ECF 2-2 at 24). For example, the routine and conservative treatment with some occupational and physical therapy was inconsistent with her allegations about the severity of her limitations. *Id.* at 26. The ALJ relied on the state agency consultants' opinions in formulating the RFC and determining how much weight to give to Kolodziek's testimony regarding her symptoms. The medical evidence of record supports the ALJ's determination. *Id.* at 26-29.

**3. Lay Analysis**

The record reflects that the ALJ did not rely on his own lay analysis. With respect to Kolodziek's testimony, although she stated numerous times that she has symptoms that prevent her from performing sedentary jobs, (ECF No. 2-2 at 49), the ALJ found this testimony not credible because it was inconsistent with the objective medical evidence. In the ALJ's decision, he delves into the medical evidence of record, and clearly explains the contradictions arising between the alleged severity of symptoms and the findings of the medical evaluations. *See* ECF No. 2-2, at 23-26.

The ALJ explained why he found the medical evidence in the record to be either persuasive or not persuasive. As discussed above, the ALJ did not fully credit Kolodziek's testimony because it was not consistent with the evidence of record. In this scenario "whenever

statements about intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the [ALJ] must consider other evidence in the record . . . .” (ECF No. 2-2, at 23); *see also* Exhibits 1A, 3A, 5A, 6A. The ALJ did consider the medical opinions – none of which found any limitation to qualify her as entitled to disability benefits. (Exhibits 2A, 4A, 7A, 8A). The ALJ formulated an RFC that included more limitations than were noted in the medical opinions he found generally or partially persuasive. *See id.* at 23-29. The ALJ spent significant time in the analysis comparing the symptoms to the medical findings of her doctors.[4] *See id.* In sum, the ALJ did not rely on a lay analysis in finding Kolodziek not entitled to disability benefits.

### C. Alleged Error – The ALJ's findings in Steps 3, 4, and 5 regarding Kolodziek's headache events lack articulation

The Third Circuit Court of Appeals has held that the plaintiff has the burden of explaining to the district court how she could meet a given listing. *See Holloman v. Comm'r Soc. Sec.,* 639 F. App'x 810, 814 (3d Cir. 2016). The Third Circuit Court of Appeals held:

> [the plaintiff] also complains in vague terms that certain impairments were not properly compared, separately and in combination, to the listings. But he does not identify specific avenues for meeting or equaling specific listings that the ALJ should have considered but did not.

*Id.* The court of appeals commented that the plaintiff in that case “offer[ed] no explanation of how further analysis could have affected the outcome of his disability claim.” *Id.*

---

4. The ALJ laid out the alleged symptoms and impairments followed by medical findings from multiple doctor visits, each showing improvement based on treatment and ultimately determined that Kolodziek had normal strength and movement of her hands. (ECF 2-2 at 26-29).

In the present case, Kolodziek argues that remand must occur because the ALJ did not articulate her headache symptoms at steps 3, 4, and 5 of the sequential process. Like the claimant in *Holloman*, Kolodziek does not offer an explanation of how the inclusion of these symptoms would lead to a finding that meets any given listing. There is little mention of headaches in the record. Her complaints about headaches are inconsistent (from three times per week in March 2024, but only three times per month to another doctor in November 2024). *See* ECF No. 2-2, at 567, 1000. The ALJ noted that Kolodziek had a single emergency treatment for a migraine in August 2023. *Id.* at 24. The ALJ reflected that Kolodziek reported "significant improvement in her headache" following migraine medication. *Id.* Her testimony of headaches occurring over that extended period of time, without more evidence, does not satisfy the detailed description of a headache disorder that medically equates to a listing under SSR 19-4p. *See* SSR 19-4p, 2019 WL 4169365, at *7.

The ALJ explicitly acknowledged Kolodziek's sole headache event in which she visited the emergency room in August 2023. (ECF No. 2-2, at 24). He noted Kolodziek's own report of "significant improvement in her headache following migraine medication." *Id.* Finally, the record is void of any record of headache events or treatment other than the emergency room visit in August 2023. The ALJ articulated Kolodziek's headache event given the limited evidence produced by Kolodziek. On this issue, Kolodziek had the burden of proof. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (stating that the claimant must show that his unlisted impairment or combination of impairments equals a listed impairment by presenting medical findings equal to all the criteria for the most similar listed impairment). She failed to meet her burden, and the

argument that the ALJ failed to include more articulation of symptoms from her headaches in these steps lacks merit.

**D. Alleged Error – The ALJ ignored that Kolodziek was within six months of the next age category (Closely Approaching Advanced Age) as of the date of adjudication**

The final argument Kolodziek raises is that the ALJ failed to consider that she was within six months of reaching the next higher age category of "Closely Approaching Advanced Age." The ALJ formulated an RFC that limits her to less than the full range of light work.[5] At the time of Kolodziek's claim, she was 47 years old and fell within the "Younger Individual"[6] category at the time of her initial claim. (ECF No. 2-2 at 29). At the time of the ALJ's decision, she was within four months of reaching the age of 50, which is in the category of "Closely Approaching Advanced Age."[7] *Id.* at 1-2. A "borderline age situation exists if the claimant reached or will reach the next higher age category within a few days to a few months after the date of adjudication" [8] and applying the next higher age category results in a finding of disabled when the claimant's chronological age results in a finding of not disabled. POMS § DI 25015.006. When a claimant is within a few days to a few months of reaching a higher age category, an administrative law judge may consider whether to treat the claimant as an individual from the

---

5. *See supra* note 5.
6. The term younger individual is used to denote an individual age 18 through 49. 20 C.F.R. § 404, Subpt. P, app. 2, (h)(1) (emphasis removed).
7. A person falls in the category of a person closely approaching advanced age if they are between the ages of 50 and 54. 20 C.F.R. §1563(d).
8. "We do not have a more precise programmatic definition for the phrase "within a few days to a few months." We define the term 'a few' using its ordinary meaning, a small number. Consider a few days to a few months to mean a period not to exceed six months." POMS § DI 25015.006(B) (emphasis added).

higher age category. *See* POMS § DI 25025.015; *see also* 20 C.F.R. § 404.1563 (explaining that the different age categories suggest that an ALJ consider that age along with severe impairments may affect one's ability to adjust to other work).

The ALJ "will not use the higher age category automatically in a borderline age situation." Hearings, Appeals, Litigation, and Law (HALLEX) Manual HA 01220.042(C). The ALJ will consider using the higher age category "after evaluating the overall impact of all the factors on the claimant's ability to adjust to doing other work." *Id.*

Kolodziek argued that she should be treated as an individual under the "Closely Approaching Advanced Age" category because she was less than six months from turning 50 years old. If the higher age category was applied and she was limited to sedentary work[9], she would be found disabled under rule 201.12. 20 C.F.R. § 404, Subpt. P, app. 2.

In *Heckler*, the court of appeals commented:

> Because the grids themselves do not justify a conclusion as to disability, when there are both exertional and non-exertional impairments, the Secretary must rely upon some other supporting evidence in the record to demonstrate the claimant can perform work available in the national economy.

*Heckler*, 756 F.2d at 967. As determined previously, the ALJ found Kolodziek to be limited to less than the full range of light work, which would cause the RFC to fall between two exertional categories. That finding, however, was not consistent with the ALJ's clarification about the standing limitation. The ALJ looked to the testimony of the VE, who testified that there are a significant number of jobs that a person with Kolodziek's impairments could perform at the sedentary level due to the exertional limitation to only two hours of standing. *Id.* at 30; *see* SSR

9. *See supra* note 3.

83-12, 1983 WL 31253. Indeed, the VE recognized the limitation to sedentary work by opining that only work at the sedentary level could be performed by Kolodziek. The clarification by the ALJ effectively limited Kolodziek's RFC to sedentary work with limitations.

The ALJ found, based on the testimony of the VE in conjunction with considering Kolodziek's age, education, work experience, and RFC, that Kolodziek is capable of making a successful adjustment to other work. (ECF No. 2-2, at 30). "If . . . the individual can adjust to other work, we will find that the individual is not disabled." SSR 24-3p, 89 Fed. Reg. 97158 (December 6, 2024). The ALJ, in making that determination, failed to explain why he did not apply the higher age category to Kolodziek's situation. The higher age category of "closely approaching advanced age" with a high school education and a limitation to sedentary work would have required a determination of disabled. 20 C.F.R. § 404, Subpt. P, app. 2. The record contains no mention of the reason the ALJ did not formally change the RFC to refer to sedentary work or why he declined to analyze the borderline age situation that existed in this case.

The Third Circuit Court of Appeals has held that when the record does not contain "factual findings relevant to" a borderline age issue, the decision "is unsupported by substantial evidence." *Lucas v. Barnhart*, 184 F. App'x 204, 208 (3d Cir. 2006). When presented with a borderline age situation, "the [Social Security Administration] cannot mechanically apply the Grids' age categories, but must 'give full consideration to all relevant facts….'" *Id.* at 206 (quoting *Kane v. Heckler*, 776 F.2d 1130, 1134 (3d Cir. 1985)). This borderline age situation could be dispositive because if the RFC, as clarified by the ALJ, does limit Kolodziek to sedentary work, under the grids applicable to the higher age category she would be found disabled. 20 C.F.R. § 404, Subpt. P, app. 2. The failure to analyze and discuss Kolodziek's

borderline age situation requires the case to be remanded. *Vargo v. Kijakazi*, No. 23-cv-728, 2024 WL 726944, at *2 (W.D. Pa. Jan. 5, 2024).[10]

## VI. CONCLUSION

The Supreme Court of the United States has stated "[w]here a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand." *Sullivan v.* Hudson, 490 U.S. 877, 885 (1989). Having considered the parties' submissions, the record as a whole and the applicable law, the court finds remand under sentence four of 42 U.S.C.A. §405(g) is required. On remand, the ALJ must fully explain why he did not formally acknowledge that the RFC limited Kolodziek to sedentary work and he must make factual findings about the borderline age situation. *See Barnhart*, 184 F. App'x 204, 208 (3d Cir. 2006) (reversing on grounds that the record contained no factual findings relevant to the borderline age situation and therefore the decision was unsupported by substantial evidence); If a determination of disabled is reached, the ALJ shall determine the established onset date pursuant to SSR 18-1p. *See* SSR 18-1p, 83 Fed. Reg. 49613 (Oct. 18, 2018); *see also* POMS § DI 25501.260.

An appropriate order and judgment will be entered.

Dated: November 20, 2026

BY THE COURT:

---

10. The Appeals Council's denial letter only contains a conclusory statement about the borderline age situation and fails to address the necessary factual findings to support its decision.

s/Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge